IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| GLORIA MUZQUIZ, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 03-434-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| CLACKAMAS COUNTY, RODNEY | ) | |
| COOK, NANCY NEWTON, and IRENE | ) | |
| FISCHER-DAVIDSON, | ) | |
| | ) | |
| Defendants. | ) | |

Tom Steenson
Zan Tewksbury
Steenson, Schumann, Tewksbury,
Creighton & Rose, P. C.
500 Yamhill Plaza Building
815 S. W. Second Avenue
Portland, Oregon  97204

        Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Edward S. McGlone III
Clackamas County Counsel
2051 Kaen Road
Oregon City, Oregon  97045-4035

        Attorney for Defendants

KING, Judge:

Before the court is Plaintiff's Motion to Reconsider Order Granting Summary Judgment in Favor of Defendants on Plaintiff's Due Process Claim (#95) and Supplemental Memorandum in Support of Plaintiff's Motion to Reconsider Order Granting Summary Judgment in Favor of Defendants on Plaintiff's Due Process Claim.  The motion challenges the decision on plaintiff's due process claim set forth in the Opinion filed on August 17, 2004.  The motion was filed on August 27, 2004, after defendants had filed their Notice of Appeal, and after I granted defendants' oral motion to stay the case.  Accordingly, any decision on the motion was delayed during the pendency of the stay.

A Motion for Reconsideration of a court's order must show newly discovered evidence, a change in controlling law, or that the decision was clearly erroneous or manifestly unjust.  School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Having carefully reviewed plaintiff's submissions, I deny the motion as it does not raise any of these grounds.

Plaintiff appears to take issue with three areas of the Opinion:  (1) the court stated that the Ruthruff letter, which was not shared with plaintiff prior to her pre-termination hearing, was essentially duplicative of the letter given to plaintiff identifying the reasons for her proposed termination and the court failed to consider the weight given the Ruthruff letter in the decision to

Page 2 - OPINION AND ORDER

terminate plaintiff; (2) there can be no post-termination cure for errors in the pre-termination

hearing; and (3) the decision maker in the pre-termination hearing was not impartial.

On the first point, the court specifically stated:

A careful review of both letters shows that they are not substantially different. Many of the instances discussed in the Ruthruff letter are also mentioned in the pre-termination letter given to plaintiff on November 5, 2001.  To the extent that the Ruthruff letter lists additional reasons not noted in the pre-termination letter, and to the extent that those reasons were the cause of plaintiff's termination as plaintiff contends, *at this stage I will assume plaintiff's version of the facts to be true*.  For the reasons that follow, however, the exact weight of the Ruthruff letter does not change the outcome of the constitutional inquiry.

Opinion, at 13 (emphasis added).  Later in the Opinion, the court stated, "Even assuming without

deciding, however, that the failure to produce the Ruthruff letter to plaintiff prior to her pre-

termination hearing resulted in a hearing that was less than constitutionally sound, this does not

entitle plaintiff to summary judgment on her claim in light of the post-termination procedures in

this case."  Opinion, at 14-15.  This first basis for relief is without merit.

On the second point, plaintiff contends that the Ninth Circuit does not accept a "post-

termination 'cure' of a pre-termination due process violation in the context of *permanent*

*termination* of public employment in which a property interest exists."  Memo. in Support of

Plaintiff's Motion, at 3 (emphasis in original).  Plaintiff chiefly relies on Matthews v. Harney

County, 819 F.2d 889, 893 (9th Cir. 1987), which stated that without "full and timely notice"

before a pre-termination hearing an employee may face "unforeseen termination of employment."

Matthews, however, does not eliminate the possibility that a post-termination hearing could cure

deficits in a pre-termination hearing.  Furthermore, the court could properly read Clements v.

Airport Auth. of Washoe County, 69 F.3d 321 (9th Cir. 1995), the other case upon which plaintiff

relies, to mean that a post-termination hearing cannot cure the *utter absence* of a pre-termination

hearing.  There is no basis on which to find the Opinion was clearly erroneous or manifestly

unjust.

On the last point, plaintiff argues that "where the decisionmakers had already decided to

terminate the plaintiff in advance of the plaintiff being allowed to appear and be heard on the

charges against her, the requirements of due process were not met."  Plaintiff's Memo, at 4.  I do

not see this argument in plaintiff's original summary judgment briefing.  Nevertheless, Walker v.

City of Berkeley, 951 F.2d 182, 184 (9th Cir. 1991) forecloses the argument.  See Walker (failure

to provide impartial decisionmaker at the pre-termination stage could be cured by impartial

decisionmaker at the post-termination hearing).

Finally, I am not persuaded by the two cases identified in plaintiff's supplemental

memorandum.  Levine v. City of Alameda, No. C 04-01780 CRB, 2006 WL 83051 (N.D. Cal.

Jan. 12, 2006); Levesque v. Town of Vernon, 341 F. Supp. 2d 126 (D. Conn. 2004).

### CONCLUSION

Plaintiff's Motion to Reconsider Order Granting Summary Judgment in Favor of

Defendants on Plaintiff's Due Process Claim (#95) is denied.

IT IS SO ORDERED.

Dated this _____7th_____ day of March, 2006.


    __/s/ Garr M. King_____
    Garr M. King
    United States District Judge


Page 4 - OPINION AND ORDER